UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK



_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ — — – X

IN RE APPLICATION OF
THE UNITED STATES OF AMERICA                    **SEALED**
FOR AN ORDER RE-AUTHORIZING THE USE OF A        **APPLICATION**
PEN REGISTER AND A TRAP AND TRACE DEVICE
_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ — — – X

       Lauren Howard Elbert, an Assistant United States Attorney for the Eastern

District of New York, hereby applies to the Court for an Order pursuant to 18 U.S.C. §§ 3122

and 3123, authorizing for a period of 60 days the installation and use of a pen register and trap

and trace device on (718) 864-0663, a telephone issued by AT&T (the "service provider"),

used by DONALD SOTO (the "SUBJECT TELEPHONE").   An Order authorizing the use of

a pen register and trap and trace device on the SUBJECT TELEPHONE was initially issued by

the Honorable James Orenstein on November 18, 2014, and was renewed by Judge Orenstein

on January 15, 2015.

       In support of this application I state the following:

       1.    I am an Assistant United States Attorney in the Office of Loretta E.

Lynch, United States Attorney for the Eastern District of New York.   As such, I am an

"attorney for the Government" as defined in Rule 1(b)(1) of the Federal Rules of Criminal

Procedure, and therefore, pursuant to 18 U.S.C. § 3122, may apply for an Order authorizing

the installation and use of pen registers and trap and trace devices.

       2.    The Court has authority to order the installation and use of a pen register

or a trap and trace device anywhere in the United States if the Court finds that the attorney for

the government has certified to the Court that the information likely to be obtained is relevant to an ongoing criminal investigation.  18 U.S.C. §§ 3122 and 3123.   As the United States Court of Appeals for the Second Circuit has explained, an application for a pen-trap device need only identify the applicant and the investigating law enforcement agency and certify that "the information likely to be obtained is relevant to an ongoing criminal investigation being conducted by that agency."  18 U.S.C. § 3122(b)(2).   The provision was not intended to require independent judicial review of relevance; rather, the reviewing court need only verify the completeness of the certification.   In re United States, 10 F.3d 931, 935 (2d Cir. 1993) (emphasis added); accord In re Applications, 515 F. Supp. 2d 325, 329 (E.D.N.Y. 2007) (explaining "minimal requirement" of Section 3122(b)).

3.      Based on information provided to me by a special agent of the Federal Bureau of Investigation (the "investigative agency"), I hereby certify that the investigative agency is conducting an ongoing investigation into possible violations of federal criminal laws, including narcotics offenses in violation of 21 U.S.C. §§ 841, 843 and 846 by DONALD SOTO, occurring in the Eastern District of New York and elsewhere, and that the information likely to be obtained from a pen register and trap and trace device on the SUBJECT TELEPHONE is relevant to that investigation.

4.      Based upon the above certification, the government requests that the Court issue an Order that provides, pursuant to 18 U.S.C. §§ 3122 and 3123, authorization for the installation and use of a pen-trap device to record, decode, and/or capture the dialing, routing, addressing, and signaling information for each communication to or from the SUBJECT TELEPHONE, along with the date, time, and duration of the communication, and

the additional particulars specified above, without geographic limit. The government also requests authorization for installation and use of a trap and trace device on the SUBJECT TELEPHONE to capture and record the incoming electronic or other impulses which identify the originating numbers or other dialing, routing, addressing, or signaling information reasonably likely to identify the sources of wire or electronic communications and to record the date, time and duration of calls created by such incoming impulses, for a period of 60 days, and that the tracing operations be without geographical limits. The government further requests, pursuant to 18 U.S.C. § 3123(b)(1)(C), authorization for the requested installation and use of a pen register and a trap and trace device to include the use of such a pen register and a trap and trace device on any changed telephone number assigned to an instrument bearing the same IMEI as the SUBJECT TELEPHONE, or any changed IMEI subsequently assigned to the same telephone number as the SUBJECT TELEPHONE, or any additional changed telephone number and/or IMEI, whether the changes occur consecutively or simultaneously, listed to the same subscriber and account number as the SUBJECT TELEPHONE within the 60-day period authorized by this Order. The United States does not request and does not seek to obtain the contents of any communications, as defined in 18 U.S.C. § 2510(8), pursuant to the proposed Order.

5.     The United States further requests that the Court order the service provider and any other person or entity providing wire or electronic communication service in the United States whose assistance may facilitate execution of this Order to furnish, upon service of the Order, information, facilities, and technical assistance necessary to install the pen-trap devices, including installation and operation of the pen-trap devices unobtrusively

and with minimum disruption of normal service.   Any entity providing such assistance shall be reasonably compensated by FBI, pursuant to 18 U.S.C. § 3124(c), for reasonable expenses incurred in providing facilities and assistance in furtherance of this Order.

6.   The government further requests that, pursuant to 18 U.S.C. § 3123(a)(1) and (b)(2), the Court direct that, upon service of the Order upon them, the service provider and any other person or entity providing wire or electronic communication service in the United States whose assistance may facilitate execution of the Order furnish the information, facilities, and technical assistance necessary to accomplish unobtrusively the installation and use of the pen register and trap and trace device with compensation to be paid by the investigative agency for reasonable expenses directly incurred in providing such facilities and assistance.

7.   The government further requests that the Order direct the service provider, and any other person or entity providing wire or electronic communication service in the United States whose assistance is used to facilitate execution of the Order, to furnish the results of the pen register and trap and trace device installations to special agents of the investigative agency as soon as practicable, and on a continuing basis, 24 hours a day for the duration of the Order.

8.   Finally, pursuant to 18 U.S.C. §§ 3123(d) and 2705(b), the government also requests that the service provider, and any other person or entity whose assistance is used to facilitate execution of the Order be ordered not to disclose to the listed subscriber of the telephone, or to any other person (a) the existence of the Order of Authorization; (b) the existence of the Order to Service Provider; and (c) the existence of the pen register and trap

and trace device to the listed subscriber for the SUBJECT TELEPHONE, the subscribers of the telephones initiating incoming calls to or receiving outgoing calls from the SUBJECT TELEPHONE, or to any other person, unless and until otherwise ordered by the Court.   Any such disclosure will seriously jeopardize the investigation, such as by giving targets an opportunity to flee or continue flight from prosecution, destroy or tamper with evidence, change patterns of behavior and notify confederates.   DONALD SOTO is believed to be unaware of the FBI's investigation.

No prior request for the relief set forth herein has been made except to the extent set forth above.   The foregoing is affirmed under the penalties of perjury.   *See* 28 U.S.C. § 1746.

Dated:  Brooklyn, New York
        March 19, 2015

Lauren Howard Elbert
Assistant United States Attorney
718-254-7577

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**15 MISC 508**

- - - - - - - - - - - - - - - - - - - - - - X

IN RE APPLICATION OF
THE UNITED STATES OF AMERICA
FOR AN ORDER AUTHORIZING THE USE OF A PEN
REGISTER AND A TRAP AND TRACE DEVICE

SEALED ORDER
OF AUTHORIZATION

- - - - - - - - - - - - - - - - - - - - - - X

This matter comes before the Court pursuant to an application by Assistant United

States Attorney Lauren Howard Elbert, an attorney for the Government as defined by Rule 1(b)(1) of

the Federal Rules of Criminal Procedure and a duly-authorized representative of a "governmental

entity" under 18 U.S.C. § 2703(c) and (d) requesting an Order pursuant to 18 U.S.C. §§ 3122 and 3123,

authorizing for a period of 60 days the installation and use of a pen register and a trap and trace device

on (718) 864-0663, a telephone issued by AT&T (the "service provider"), used by DONALD SOTO

(the "SUBJECT TELEPHONE").

UPON REVIEW OF THE APPLICATION, THE COURT HEREBY FINDS

THAT, pursuant to 18 U.S.C. § 3123, Applicant has certified that the information likely to be obtained

by use of a pen register and a trap and trace device is relevant to and ongoing criminal investigation

into possible violations of federal criminal laws, including narcotics offenses in violation of 21 U.S.C.

§§ 841, 843 and 846 by DONALD SOTO, occurring in the Eastern District of New York and

elsewhere, and that the information likely to be obtained from a pen register and trap and trace device

on the SUBJECT TELEPHONE is relevant to that investigation.

IT IS THEREFORE ORDERED, pursuant to 18 U.S.C. § 3123, that special agents of

the Federal Bureau of Investigation (the "investigative agency"), with the assistance of the New York

City Police Department and the United States Marshals, may install, or cause to be installed, a pen

register to record or decode dialing, routing, addressing, and signaling information associated with

each communication to or from the SUBJECT TELEPHONE, including only the date, time, and duration of the communication, and excluding tower/sector information and also excluding both the recording and the decoding of post-cut-through dialed digits ("PCTDD"),[1] for a period 60 days, beginning at any time within 14 days from the date of this Order, and that the tracing operations be without geographical limits.

IT IS FURTHER ORDERED, pursuant to 18 U.S.C. § 3123, that special agents of the investigative agency, with the assistance of the New York City Police Department and the United States Marshals, may install, or cause to be installed, and use a trap and trace device on the SUBJECT TELEPHONE to capture and record the incoming electronic or other impulses which identify the originating number, or other dialing, routing, addressing, and signaling information reasonably likely to identify the source of a wire or electronic communication, and to record the date, time, and duration of calls created by such incoming impulses, for a period of 60 days, beginning at any time within 14 days from the date of this Order, and that the tracing operations be without geographical limits.

IT IS FURTHER ORDERED that this authorization for the installation and use of a pen register and a trap and trace device applies not only to the telephone number listed above for the SUBJECT TELEPHONE, but also to any changed telephone number assigned to an instrument bearing the same IMEI as the SUBJECT TELEPHONE, or any additional changed telephone number and/or IMEI whether the changes occur consecutively or simultaneously, listed to the same subscriber and wireless telephone account number as the SUBJECT TELEPHONE within the 60-day period authorized by this Order.

---

[1] PCTDD "are digits that are dialed from a telephone after a call is connected or 'cut-through'." *In re Application*, 632 F. Supp. 2d 202, 203 n.1 (E.D.N.Y. 2008). The provider may provide only pre-cut-through dialed digits to the investigative agency. If the provider's technical capabilities require it to forward all dialed digits, including PCTDD, however, the investigative agency may provide nothing to the agency. Thus, no PCTDD may be recorded or decoded or accessed in any way.

IT IS FURTHER ORDERED that the service provider and any other person or entity providing wire or electronic communication service in the United States whose assistance is used to facilitate execution of the Order notify special agents of the investigative agency, upon oral or written request, of any and all changes in service regarding the SUBJECT TELEPHONE to include telephone numbers and subscriber information (published and non-published and excepting call detail records as described in 18 U.S.C. § 2703(c)(2)(C)) associated with these service changes.

IT IS FURTHER ORDERED, pursuant to 18 U.S.C. § 3123(a)(1) and (b)(2), and 18 U.S.C. § 2703(c) and (d), that upon service of this Order upon it, the service provider and any other person or entity providing wire or electronic communication service in the United States whose assistance may facilitate execution of the Order shall furnish special agents of the investigative agency forthwith all information, including but not limited to telephone subscriber information, facilities, and technical assistance necessary to accomplish the installation and use of the pen register and trap and trace device unobtrusively and with minimum interference.

IT IS FURTHER ORDERED that the service provider and any other person or entity providing wire or electronic communication service in the United States whose assistance is used to facilitate execution of the Order furnish the results of the pen register and trap and trace device installations to special agents of the investigative agency as soon as practicable, and on a continuing basis, 24 hours a day for the duration of the Order.

IT IS FURTHER ORDERED that the service provider and any other person or entity whose assistance is used to facilitate this Order be compensated by the investigative agency for reasonable expenses directly incurred in providing such assistance.

Good cause having been shown, IT IS FURTHER ORDERED, pursuant to 18 U.S.C. §§ 3123(d) and 2705(b), that this Order and the application be sealed until otherwise ordered by the

Court, and that the service provider, its representatives, agents and employees, and any other person or entity involved in facilitating this Order shall not disclose in any manner, directly or indirectly, by any action or inaction, (a) the existence of the Order of Authorization; (b) the existence of the Order to Service Provider; and (c) the existence of the pen register and trap and trace device to the listed subscriber for the SUBJECT TELEPHONE, the subscribers of the telephones initiating incoming calls to or receiving outgoing calls from the SUBJECT TELEPHONE, or to any other person.

Dated: Brooklyn, New York
      March 19, 2015

                                                    S/ James Orenstein
                                        JAMES ORENSTEIN
                                        UNITED STATES MAGISTRATE JUDGE
                                        EASTERN DISTRICT OF NEW YORK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**15 MISC 508**

- - - - - - - - - - - - - - - - - - x

IN RE APPLICATION OF
THE UNITED STATES OF AMERICA                    SEALED ORDER TO
FOR AN ORDER AUTHORIZING THE USE OF A PEN       SERVICE PROVIDER
REGISTER AND A TRAP AND TRACE DEVICE

- - - - - - - - - - - - - - - - - - x

WHEREAS this Court has, upon the application of the United States of America,

entered an Order pursuant to 18 U.S.C. §§ 3121 et seq., authorizing for a period of 60 days the

installation and use of pen register and a trap and trace device for a period of 60 days on (718)

864-0663, a telephone issued by AT&T, used by DONALD SOTO (the "SUBJECT

TELEPHONE"), in connection with an ongoing criminal investigation;

Now therefore, it is hereby:

1.          ORDERED, pursuant to 18 U.S.C. § 3123, that special agents of the

Federal Bureau of Investigation (the "investigative agency") may install, or cause to be installed, and

use a pen register to record or decode dialing, routing, addressing, or signaling information transmitted

from the SUBJECT TELEPHONE – excluding tower/sector information and also excluding both

the recording and the decoding of post-cut-through dialed digits (defined as digits dialed from a

telephone after a call is connected, or "cut-through") – to record the date and time of such dialings or

transmissions, and to record the length of time the telephone receiver in question is "off the hook" for

incoming or outgoing calls for a period of 60 days, beginning at any time within 14 days from the date

of this Order.[1]

2.          IT IS FURTHER ORDERED, pursuant to 18 U.S.C. § 3123, that

special agents of the investigative agency, with assistance from the New York City Police Department

---

[1] The service provider shall forward to the investigative agency only those digits dialed before a call is
cut-through. If the service provider is unable to exclude post-cut-through dialed digits, it shall forward
nothing to the investigative agency.

1

and the United States Marshals Service may install, or cause to be installed, and use a trap and trace device on the SUBJECT TELEPHONE to capture and record the incoming electronic or other impulses which identify the originating number, or other dialing, routing, addressing, and signaling information reasonably likely to identify the source of a wire or electronic communication, and to record the date, time, and duration of calls created by such incoming impulses, for a period of 60 days, beginning at any time within 14 days from the date of this Order, and that the tracing operations be without geographical limits.

3.       IT IS FURTHER ORDERED, pursuant to 18 U.S.C. § 3123(b)(1)(C), that this authorization for the installation and use of a pen register and a trap and trace device applies not only to the telephone number listed above for the SUBJECT TELEPHONE, but also to any changed telephone number assigned to an instrument bearing the same IMEI as the SUBJECT TELEPHONE, or any changed IMEI subsequently assigned to the same telephone number as the SUBJECT TELEPHONE, or any additional changed telephone number and/or IMEI, whether the changes occur consecutively or simultaneously, listed to the same subscriber and wireless telephone account number as the SUBJECT TELEPHONE within the 60-day period authorized by this Order.

4.       IT IS FURTHER ORDERED that the service provider and any other person or entity providing wire or electronic communication service in the United States whose assistance is used to facilitate execution of the Order notify special agents of the investigative agency, upon oral or written request, of any and all changes (including additions, deletions, and transfers) in service regarding the SUBJECT TELEPHONE to include telephone numbers and subscriber information (published and non-published, and excepting call detail records, as described in 18 U.S.C. § 2703(c)(2)(C)) associated with these service changes.

2

5.      IT IS FURTHER ORDERED, pursuant to 18 U.S.C. § 3123(a)(1) and (b)(2), and 18 U.S.C. § 2703(c) and (d), that upon service of this Order upon it, the service provider and any other person or entity providing wire or electronic communication service in the United States whose assistance is used to facilitate execution of the Order shall furnish special agents of the investigative agency forthwith all information, including but not limited to telephone subscriber information, facilities, and technical assistance necessary to accomplish the installation and use of the pen register and trap and trace device unobtrusively and with minimum interference.

6.      IT IS FURTHER ORDERED that the service provider and any other person or entity providing wire or electronic communication service in the United States whose assistance is used to facilitate execution of the Order furnish the results of the pen register and trap and trace device installations to special agents of the investigative agency as soon as practicable, and on a continuing basis, 24 hours a day for the duration of the Order.

7.      IT IS FURTHER ORDERED that the service provider and any other person or entity that provides technical assistance in executing this Order be compensated by the investigative agency for reasonable expenses directly incurred in providing such assistance.

8.      IT IS FURTHER ORDERED that this Order shall be sealed until otherwise ordered by the Court, except that copies may be retained by the United States Attorney's Office, the investigative agency, the service provider and any other person or entity whose assistance is used to execute this Order.

3

9.   IT IS FURTHER ORDERED, finally, that unless and until otherwise ordered by the Court, the service provider and its representatives, agents and employees, and any other person or entity providing technical assistance in executing this Order shall not disclose until further notice in any manner, directly or indirectly, by any action or inaction: (a) the existence of the Order of Authorization; (b) the existence of the Order to the Service Provider; and (c) the existence of the pen register and trap and trace device to the listed

subscriber for the SUBJECT TELEPHONE, the subscribers of the telephones initiating incoming calls to or receiving outgoing calls from the SUBJECT TELEPHONE, or to any other person.

Dated:   Brooklyn, New York
         March 19, 2015

S/ James Orenstein
---
JAMES ORENSTEIN
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK

4